IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

```
SHERON JOHNSON,                  *
                                 *
     Plaintiff,                  *
                                 *
v.                               *
                                 *   CV 617-003
WAL-MART STORES EAST, LP,        *
                                 *
     Defendant.                  *
                                 *
                                 *
```

**O R D E R**

Plaintiff filed this lawsuit in state court in November 2016, and Defendant removed it to this Court on January 3, 2017, asserting diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1.) Based on the complaint and notice of removal, the Court questioned whether § 1332's amount-in-controversy requirement was met.[1] Accordingly, the Court ordered Defendant to submit additional evidence supporting federal jurisdiction. (Doc. 8.) In response, the parties filed a joint stipulation stating that they "agree that the amount of alleged damages at issue in this case exceeds" $75,000. (Doc. 15 ¶ 2.)

In general, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" to the district court "embracing the

---

[1] The Court also questioned diversity of citizenship. But based on Defendant's filing in response to the Court's concern, the Court is satisfied that the parties are diverse.

place where such action is pending." 28 U.S.C. § 1441(a). Under § 1332, district courts have original jurisdiction over claims between citizens of different states if "the matter in controversy exceeds the sum or value of $75,000." Id. § 1332(a). And when a plaintiff does not plead a specific amount of damages in her complaint, it is the removing defendant's burden to show, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional requirement. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).

Subject-matter jurisdiction, moreover, "cannot be created by the consent of the parties." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). Federal courts, therefore, have the obligation to "inquire sua sponte into the issue whenever it appears that jurisdiction may be lacking." Id. And because litigants may not consent to jurisdiction, courts may be "leery of any stipulations the parties offer concerning the facts related to jurisdiction." Id. at 1275.

Here, Plaintiff's complaint states only that, as a result of Defendant's negligence, Plaintiff injured her wrist, knee, and back and "suffered damages including past medical expenses in excess of $10,000.00 . . . and past and future mental and physical pain and suffering." (Doc. 1-1 at 9.) Similarly, Defendant's notice of removal provides that "[u]pon information and belief, the amount in controversy between Plaintiff and Defendant[] exceeds the sum of $75,000." (Doc. 1 at 2.) Thus, as the Court noted in its prior

2

order, these papers do not establish that the amount in controversy exceeds $75,000.

The Court is also unpersuaded that the parties' stipulation satisfies § 1332's amount-in-controversy requirement. The stipulation provides that "the parties stipulate and agree that the amount of alleged damages at issue in this case exceeds the $75,000 jurisdictional threshold required under 28 U.S.C. § 1332 for diversity jurisdiction." (Doc. 15 ¶ 2.) It also states that the parties "agree and stipulate that these numbers are submitted to the Court <u>for purposes of establishing the amount in controversy between the parties</u> . . . ." (<u>Id.</u>) Thus, the parties are essentially asking the Court to allow them to consent to federal jurisdiction, which the Court cannot do.

The Court will allow Defendant an additional opportunity to establish federal jurisdiction. Within **twenty-one days from the date of this order**, Defendant may provide the Court with <u>evidence</u> showing that the amount in controversy in this case exceeds $75,000. If the Defendant fails to do so, the Court will remand this case to the State Court of Bulloch County, Georgia.

**ORDER ENTERED** at Augusta, Georgia this 10th day of March, 2017.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

3